By the Court.
Oakley, Ch. J,
In the' main, the charge of the judge upon the trial, as to the law of libel, -viras favorable to the defendant, and in accordance'with the -positions'assumed by his counsel: • ' - - '• •
There were, however, various exceptions taken which' are brought .forward upon the appeal. ' One'is, that the court -erred in charging that “ it was a question of fact for the jury whether the defendant had made, a true statement of the proceédíngs in court,” and that the question submitted to them-should have been, whether the- defendant had made á fair and impartial statement. As to this, any thing that is true is fair/
Another exception -was -taken- to the ruling of ¡the court'a's to the admissibility of the minutes of Judge Sandford, .before whom the case was formerly tried, which contained the testimony of Recorder .Scott, a witness examined upon that trial. It was contended upon the trial, as was also strongly urged upon the argument before us, that the minutes were of - themselves evidence. But we are not aware that they are ever regarded as such. If the party making them swear that they are correct,. or that he had no doubt of -their being so, in such a case, we think, they would be admissible. But where this is not the case, the minutes cannot, of themselves, be regarded as evidence. Such a rule of evidence would be manifestly -unsafe, . In this case, Judge Sandford was .-unwilling-so to .sw.ear-.-':- He-testified *130 •that he had taken minutes upon the trial, as was his usual custom, but would not say that they were full or accurate; that he might have omitted things to which the witness Scott had testified. We think the ruling of-the court below, as to this point, ■clearly correct, and that the minutes were properly rejected.
Another question discussed upon the argument before us, related to the responsibility of the defendant for the publication of the libel. It was admitted upon the trial, that the defendant was the publisher of the Herald, but there was no evidence that he had actual personal knowledge of the publication of the article in question. This, however, was an immaterial point. The defendant, as the proprietor of the paper, was responsible for whatever appeared in its columns; and it was unnecessary to show that he knew of the publication, or authorized it. This point is well established.
. Another question related to the admissibility of the testimony as to the publication of the libel. The witness Stevens testified, that he was a subscriber for the Herald, and being shown the several papers containing the publications in question, testified that they were in all respects similar to those left at his office, and that he had read the articles contained in these papers, in the copies left at his office. It was contended that the testimony was inadmissible, until a loss of the papers originally left at Stevens’ office, and read by him, had been proved. We think the evidence properly admitted, but if not, the defendant clearly proved the fact of the publication in the course of his defence.
Motion for new trial denied.